# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| WANG & GAO FAMILY TRUST, LINGYUN GU, JINGBO XIAO, WEIMIN REN, YUAN ZHANG, HONGSHAN CHEN, WG INVESTMENT ATL LLC, PIONEERSOFT LLC, YONG MEN, SHENXIONG ZHOU, NING ZHANG, WEIJIE DENG, QIANQIAN WANG, XUEJUN LIU, QINGYU XUE<br><br>    Plaintiffs,<br>    vs.<br><br>TA PARTNERS LLC, TA PARTNERS APARTMENT FUND II LLC, CHIENSHEN (JOHNNY) LU, YAOJUN (LARRY) LIU, RENKAI (RICHARD) ZHANG, GIANT TIGER LLC, ALFA IDG LLC, THRIVING FUTURE LLC, VARDE PARTNERS, INC., VP IRVINE LENDER LLC, RUC14 PLAYA LLC, NEWOPEN GROUP INC., XIN ZHENG, HSING-WEN HO, and DOES 1-50, inclusive<br><br>    Defendants. | Case No.:<br><br>_____<br><br>**Jury Trial Demanded** |

# COMPLAINT

**ROBINSON FRANZMAN LLP**
*Counsel for Plaintiffs*

Todd N. Robinson
Georgia Bar No. 434557
todd@rfllplaw.com
Stephanie Schorsch
Georgia Bar No. 708411
stephanie@rfllplaw.com

191 Peachtree Street NE, 26th Floor
Atlanta, Georgia 30303
404.255.2503 (telephone) | 678.515.0575
(facsimile)

#200576v1

## I. INTRODUCTION AND SUMMARY OF ACTION

1.        Plaintiffs Wang & Gao Family Trust, Lingyun Gu, Jingbo Xiao, Weimin Ren, Yuan Zhang, Hongshan Chen, WG Investment ATL LLC, PioneerSoft LLC, Yong Men, Shenxiong Zhou, Ning Zhang, Weijie Deng, Qianqian Wang, Xuejun Liu and Qingyu Xue (collectively, the "Plaintiffs") hereby assert claims  for violations of 18 U.S.C. § 1962 (a) – (d), O.C.G.A. § 16-14-1 et seq., civil conspiracy, fraud, breach of contract, breach of guaranty agreement, negligent misrepresentation, breach of fiduciary duty, judicial order to expel manager, and declaratory judgment against Defendants TA Partners, LLC, TA Partners Apartment Fund II LLC, Chienshen (Johnny) Lu, Yaojun (Larry) Liu, Hsing-Wen Ho, Renkai (Richard) Zhang, ALFA IDG LLC, Thriving Future LLC, Newopen Group, Inc., RUC14 Playa, LLC, Giant Tiger, LLC, Varde Partners, Inc., and VP Irvine Lender LLC (collectively, "Defendants"); and seek compensatory damages, treble damages, interest, punitive damages, and its expenses of litigation (including attorneys' fees).

2.        As further described below, the Plaintiffs are members of an entity called RUC14 Playa, LLC ("RUC14 Playa").  RUC14 Playa is a Georgia entity that was specifically formed and promoted by Renkai (Richard) Zhang ("Richard Zhang") to solicit funds for investment into a separate entity called TA Partners Apartment Fund II LLC ("TA Fund II").

3.      TA Fund II is managed by its manager, TA Partners LLC ("TA Partners"). TA Partners is controlled by its two principals, Chienshen Lu ("Johnny Lu") and Yaojun (Larry) Liu ("Larry Liu").

4.      Renkai Zhang ("Richard Zhang"), together with Chienshen Lu ("Johnny Lu") and Yaojun Liu ("Larry Liu") promoted the investment into the development of certain real property located at 6055 West Center Drive, Los Angeles, California 90045 (the "Property"). TA Fund II was created to acquire and operate the Property. Upon information and belief, Richard Zhang and Larry Liu have been friends and closely associated socially, and through a Chinese alumni network for many years, and have done a lot of business together. In this case, Richard Zhang solicited money from individuals discovered through the Chinese alumni network and raised funds, through RUC14 Playa, for investment into the Property project.

5.      Richard Zhang owns a company called Giant Tiger LLC ("Giant Tiger") that raises capital for high-end residential real estate projects.  Giant Tiger is an alter ego of Richard Zhang; as demonstrated by Richard Zhang, when, acting in his capacity as manager of RUC14 Playa, used Giant Tiger branding and letterhead for RUC14 Playa's quarterly reports distributed to investors, on a quarterly basis since RUC14 Playa's initial investment into TA Partners II in March of 2021. Additionally, Richard Zhang used Giant Tiger to market himself to solicit funds from Chinese

investors; including, but not limited to Plaintiffs, to invest in the Project, owned by TA Fund II, and controlled by Larry Liu, and Johnny Lu through TA Partners. Importantly, upon information and belief, Richard Zhang has raised capital for Johnny Lu and Larry Liu on other occasions and has engaged in similar conduct.[1] Richard Zhang, through Giant Tiger, has successfully induced more than $600 million in funds and profited from placing such capital into various real estate projects, the total value of which exceeds $3 billion.

6.     TA Partners and Giant Tiger created a system wherein Richard Zhang (through Giant Tiger) was in charge of bringing in capital, and Larry Liu, and Johnny Lu (through TA Partners) would find the commercial real estate deals to invest the money into (TA Partners, together with Giant Tiger, the "TA Partners/Giant Tiger Enterprise"). Upon information and belief, Richard Zhang held himself out to be a sophisticated businessman and utilized his connections through alumni network located in China to source the funds. Upon information and belief, Richard Zhang relied on the geographical distance and language barriers between investors and any investments in the US to create separation and relied on that lack of transparency to perpetuate his fraudulent scheme with TA Partners, which paid Richard Zhang to

---

[1] Separate from the parties to this action, Richard Zhang, Larry Liu, and Johnny Lu raised capital from friends and family to invest in an entity called RUC13 Pistoia LLC which invested in TA Partners Apartment Fund III LLC. The structure of this transaction mirrors that of the Plaintiff and Defendants in this instance and the Defendants have misappropriated and laundered approximately $20,000,000 through this related scheme.

bring the money to the projects.

7.      Johnny Lu and Larry Liu conspired with Richard Zhang to raise capital for their investment into and development of the Property.  Richard Zhang received $516,000 as a fee for raising $12,900,000 from Plaintiffs and others and $10,000 as legal fee reimbursement. Such funds were supposed to be invested directly into the development of the Property, but instead, the funds were misappropriated and laundered through other projects and diverted directly to personal accounts controlled by Johnny Lu and Larry Liu.

8.      Rather than investing the funds into the development of the Property, Johnny Lu, Larry Liu, and Richard Zhang engaged in serial acts of fraud, forgery, breaches of fiduciary duties, fraudulent transfers, misuse of funds, conversion of Plaintiff's funds, and breaches of contract all to enrich themselves and others to the detriment of the Plaintiffs.

9.      Unbeknownst to Plaintiffs, the Property in which they invested was already encumbered by loans from certain third-party lenders. Richard Zhang, Larry Liu, and Johnny Lu knew that the Property was encumbered and hid this crucial fact from Plaintiffs when initially soliciting their investment.

10.     Furthermore, Johnny Lu and Larry Liu borrowed additional money against the Plaintiff's investment into TA Fund II and forged RUC14 Playa's

signature on certain loan documents to effectuate the transaction. The loans obtained with forged corporate consent are invalid and must be rescinded.

11.     After further investigation by Plaintiffs, the Defendants have not only created a racketeering enterprise to defraud investors out of their funds, but have also intentionally misled Plaintiffs, laundered money, and absconded with Plaintiff's money.

12.     By laundering money, participating in tax evasion, committing securities fraud, and conspiring to defraud the Plaintiffs out of their money and investment, the Defendants have engaged in a pattern of racketeering activities which are further detailed below.

13.     By soliciting funds and then diverting the use of those funds for their own personal use, the Defendants have also engaged in conversion.

## II.  **PARTIES TO THIS ACTION**

### *The Plaintiffs*

11.  Plaintiff Wang and Gao Family Trust is a California trust who invested $150,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if the trust invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

12.  Plaintiff Lingyun Gu is an individual resident of the state of California who

invested $300,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if he invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

13. Plaintiff Jingbo Xiao is an individual citizen resident of China who invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if she invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

14. Plaintiff Weimin Ren is an individual citizen resident of China who invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if he invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

15. Plaintiff Yuan Zhang is an individual citizen resident of China who invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if she invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

16. Plaintiff Hongshan Chen is an individual citizen resident of China who invested $400,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if she invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

17.     Plaintiff Weijie Deng is an individual resident of the state of Michigan who invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if she invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

18.     Plaintiff WG Investment ATL LLC is a Georgia limited liability company that invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if it invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

19.     Plaintiff PioneerSoft LLC is a Georgia limited liability company that invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if it invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

20.     Plaintiff Yong Men is an individual citizen resident of the state of Georgia who invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if he invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

21.     Plaintiff Shenxiong Zhou is an individual citizen resident of the state of Georgia who invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if he invested in an

apartment development project in California controlled by Johnny Lu and Larry Liu.

22.      Plaintiff Qianqian Wang is an individual resident of the state of Georgia who invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if she invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

23.      Plaintiff Xuejun Liu is an individual citizen resident of the state of California who invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if he invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

24.      Plaintiff Ning Zhang is an individual resident of the state of California who invested $400,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if she invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

25.      Plaintiff Qingyu Xue is an individual citizen resident of the country of China who invested $200,000 into RUC14 Playa after receiving promotional material from Richard Zhang promising significant returns if he invested in an apartment development project in California controlled by Johnny Lu and Larry Liu.

### The Defendants

26.      Defendant TA Fund II is a California limited liability company that acts

as an investment fund organized for the purpose of carrying on the business of, among other things, purchasing, owning, managing, and developing the Property. TA Fund II is a California limited liability company with its principal place of business located in California and may be served through its Registered Agent located at 16800 Aston Street, Suite 275, Irvine, California 92606.

27.    Defendant TA Partners is a member and manager of TA Fund II responsible for the management of the fund's investment in the Property and development of the same. TA Partners is owned and controlled by Johnny Lu and Larry Liu. TA Partners holds a 0.087% membership interest in TA Fund II. TA Partners is a California limited liability company with its principal place of business located in California and may be served with service of process through its Registered Agent located at 16800 Aston Street, Suite 275, Irvine, California 92606.

28.    Defendant Johnny Lu is the sole member and manager of Defendant ALFA IDG LLC, which, in turn, is a member of TA Partners and also a member of TA Fund II. ALFA IDG LLC holds a 28.205% membership interest in TA Fund II. Johnny Lu may be served with service of process by delivering documents to his residence located at 1405 Keel Dr. Corona Del Mar, California 92625.

29.    Defendant ALFA IDG LLC is a California limited liability company with its principal place of business located in California and may be served with

service of process through its Registered Agent located at 16800 Aston Street, Suite 275, Irvine, California 92606.

30.    Defendant Larry Liu is the sole member and manager of Thriving Future LLC, which, in turn, is a member of TA Partners and also a member of TA Fund II. Thriving Future LLC holds a 34.179% membership interest in TA Fund II. Larry Liu currently resides at 50 Boulder View, Irvine, California 92603 and may be served with service of process at the same address.

31.    Defendant Thriving Future LLC is a California limited liability company with its principal place of business in California and may be served with service of process by serving its Registered Agent located at 16800 Aston Street, Suite 275, Irvine, California 92606.

32.    Defendant Richard Zhang is, upon information and belief, a resident of the states of Georgia and California, and the country of China, and is the manager of RUC14 Playa.  Richard Zhang controlled the Plaintiff's investment into TA Fund II and directly conspired with Johnny Lu and Larry Liu.  Richard Zhang may be served with service of process at 5940 Findley Chase Drive, Duluth, Georgia 30097 or his address in China located at Apt 1001, Bldg 5, 633 Xi Kang Road, Jing An District, Shanghai 200040.

33.    Defendant RUC14 Playa is a Georgia limited liability company with its

principal place of business in the state of Georgia. RUC14 Playa may be served with service of process through its registered agent, Richard Zhang at 5940 Findley Chase Drive, Duluth, Georgia 30097.

34.     Defendant Newopen Group, Inc. ("Newopen") is a California stock corporation with a principal mailing address of 620 Newport Center Drive, Suite 1100, Newport Beach, California 92660 and may be served at the same address.

35.     Defendant Xin Zheng is a California resident and currently resides at 50 Boulder View, Irvine, California 92603 and may be served with service of process at the same address.

36.     Defendant Hsing-Wen Ho is a California resident and may be served with service of process at her address located at 1405 Keel Dr., Corona Del Mar, California 92625.

37.     Defendant Giant Tiger, LLC, is a Georgia limited liability company with its principal place of business located at 3500 Lenox Rd., Ste 1500, Atlanta, Georgia 30326. Giant Tiger, LLC, may be served through its Registered Agent, Fengping Li located at 4120 Presidential Parkway, Suite 100, Atlanta, Georgia 30340.

38.     Defendant VP Irvine Lender LLC is a Delaware limited liability company and may be served with service of process through its Registered Agent located at 1209 Orange Street, Wilmington, DE 19801.

39.     Varde Partners, Inc. is a Delaware corporation that may be served with service of process through its Registered Agent located at 1209 Orange Street, Wilmington, DE 19801.

40.     The true names and capacities, whether individual, corporate, associate, representative, or otherwise, of defendants named herein as participants in the fraud as DOES 1 through 50 inclusive, (hereinafter "Doe Defendants") are unknown to Plaintiffs at this time. Plaintiffs, therefore, sue said Doe Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to allege the true names and capacities of these Doe Defendants when the same are ascertained. Upon information and belief, at all relevant times, each of the fictitiously named Doe Defendants were in some manner responsible for the acts alleged herein and/or were in some manner responsible for the act(s) of, were acting as the agent of, or were working for the benefit of, a non-fictitiously named defendant in this action.

### III.    <u>JURISDICTION AND VENUE</u>

41.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, (federal question jurisdiction relating to claims under the Racketeer Influence and Corrupt Organizations Act), 15 U.S.C. §78(r) (federal question jurisdiction relating to claims for securities fraud), 26 U.S.C. §7434 (civil damages for fraudulent filing of information returns to the Internal Revenue Service),

18 U.S.C. §§ 1964 and 1965 (jurisdiction and venue under Racketeering Influenced and Corrupt Organizations Act), and 28 U.S.C. § 1367 (supplemental jurisdiction).

42.    TA Fund II is subject to the personal jurisdiction of this Court under 18 U.S.C. § 1965(b) because, given the national and international reach of the racketeering enterprise, the ends of justice require that TA Fund II, as a co-conspirator, manager, and participant in the racketeering enterprise, be brought before this Court.

43.    TA Partners is subject to the personal jurisdiction of this Court under 18 U.S.C. § 1965(b) because, given the national and international reach of the racketeering enterprise, the ends of justice require that TA Partners, as a co-conspirator, manager, and participant in the racketeering enterprise, be brought before this Court.

44.    Johnny Lu is subject to the personal jurisdiction of this Court under 18 U.S.C. § 1965(b) because, given the national and international reach of the racketeering enterprise, the ends of justice require that Johnny Lu, as a co-conspirator and participant in the racketeering enterprise, be brought before this Court.

45.    Larry Liu is subject to the personal jurisdiction of this Court under 18 U.S.C. § 1965(b) because, given the national and international reach of the racketeering enterprise, the ends of justice require that Larry Liu, as a co-conspirator

and participant in the racketeering enterprise, be brought before this Court. Larry Liu is also subject to the personal jurisdiction of this Court under 15 U.S.C. §78(r) because Larry Liu made misleading and false statements in the promotional materials relating to the sale of securities pursuant to Section 506 (b) of Regulation D of the Securities Act of 1933.

46.     Richard Zhang is subject to the personal jurisdiction of this Court under  18 U.S.C. § 1965(b) because, given the national and international reach of the racketeering enterprise, the ends of justice require that Richard Zhang, as a co-conspirator and participant in the racketeering enterprise, be brought before this Court. Richard Zhang is also subject to the personal jurisdiction of this Court under 15 U.S.C. §78(r) because Richard Zhang made misleading and false statements in the promotional materials relating to the sale of securities pursuant to Section 506 (b) of Regulation D of the Securities Act of 1933.

47.     Xin Zheng is subject to the personal jurisdiction of this Court under 18 U.S.C. § 1965(b) because, given the national and international reach of the racketeering enterprise, the ends of justice require that Xin Zheng, as a co-conspirator and participant in the racketeering enterprise, be brought before this Court.

48.     Hsing-Wen Ho is subject to the personal jurisdiction of this Court under  18 U.S.C. § 1965(b) because, given the national and international reach of the

racketeering enterprise, the ends of justice require that Hsing-Wen Ho, as a co-conspirator and participant in the racketeering enterprise, be brought before this Court.

49.    Varde Partners, Inc. is subject to the personal jurisdiction of this Court under  18 U.S.C. § 1965(b) and 28 U.S.C. § 1367 because, given the national and international reach of the racketeering enterprise, the ends of justice require that Varde Partners, Inc., as the recipient of the fraudulent pledge of membership interest be brought before this Court to unwind said transaction.

50.    VP Irvine Lender LLC is subject to the personal jurisdiction of this Court  under  18 U.S.C. § 1965(b) and 28 U.S.C. § 1367 because, given the national and international reach of the racketeering enterprise, the ends of justice require that Varde Partners, Inc., as the recipient of the fraudulent pledge of membership interest be brought before this Court to unwind said transaction.

51.    RUC14 is subject to the personal jurisdiction of this Court under 28 U.S.C. § 1367 as it is the entity controlled by Richard Zhang and which the Plaintiffs invested their funds and are a necessary party for the court to expel Richard Zhang as the manager thereof.

52.    Newopen Group Inc. is subject to the personal jurisdiction of this Court under 28 U.S.C. § 1367 as it is the recipient of fraudulently transferred funds belonging to the Plaintiff.

53.     Personal jurisdiction over the Defendants is also proper in this venue where the Defendants transacted business and sent promotional materials to Georgia, thus they have purposely availed themselves to jurisdiction in Georgia and fraudulently obtaining $1,000,000 from Georgia residents.

54.     Venue is appropriate in this district and division pursuant to 18 U.S.C.§ 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district for this action, many of the Plaintiffs reside in this district, and given the national and international reach of the racketeering enterprise, the ends of justice require that Defendants, as co-conspirators and participants in the racketeering enterprise, be brought before this Court.  Importantly, a Georgia limited liability company was used by Defendants to perpetuate the enterprise's purpose.

## IV.     <u>FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS</u>

55.     Defendants are participants in an enterprise that operates with the purpose of deceiving legitimate and unsuspecting investors into agreeing to invest their funds into entities such investors are told were created for the purpose of purchasing and developing commercial real estate ("TA Partners/Giant Tiger Enterprise").  At the time of soliciting the investments from investors, the participants did not intend to repay the funds as contractually required.  Rather, the participants were operating the enterprise to pocket fees charged through the process of raising

capital and to fraudulently abscond with the Plaintiffs' money. The participants utilized electronic communication, securities representations, and fraud to further this scheme.

56.     Participants in the TA Partners/Giant Tiger Enterprise, upon information and belief, operate in their individual capacities and through various entities established, at least in part, to carry on the unlawful acts.

57.     Plaintiffs fell prey to the racketeering activity of the TA Partners/Giant Tiger Enterprise and its participants. Plaintiffs are also aware of others that have been victimized by the TA Partners/Giant Tiger Enterprise.

### *Factual Background*

58.     Defendants Johnny Lu, and Larry Liu formed TA Partners and went into business together in 2014.

59.     Defendants Richard Zhang, Johnny Lu, and Larry Liu, along with Plaintiffs and other investors, are alumni of Renmin University of China, hence the prefix "RUC" in RUC Playa. Richard Zhang, through Giant Tiger, named the investment entities after the university to foster a false sense of trust from his fellow alumni.

60.     Prior to this instant action, TA Partners/Giant Tiger Enterprise perpetrated an almost identical real estate investment scheme. Similar to the current

action, Richard Zhang marketed a lucrative real estate opportunity, a commercial real estate development located at 17422 Derian Avenue, Irvine, CA 92614 ("Derian") to his alumni network in China, and, on November 12, 2020, formed RUC13 Pistoia LLC, a Georgia limited liability company ("RUC13") to receive and take control of the investors' funds to participate in the Derian project via investment into the company formed by Johnny Lu and Larry Liu to own and operate the property, TA Partners Apartment Fund III LLC (TA Fund III). Upon information and belief, Richard Zhang made material misrepresentations to induce investors to deposit their funds into RUC13.

61. On December 10, 2020, Richard Zhang, through RUC13, purchased a 36.36% membership interest in TA Fund III using approximately $16 million dollars of investor's funds. Upon information and belief, Richard Zhang received financial compensation from Johnny Lu and Larry Liu, through an affiliated entity, for bringing this wrongfully obtained capital. Subsequently, working in concert, the participants of the TA Partners/Giant Tiger Enterprise misappropriated the RUC13 investment meant to be used solely at the Derian project, to instead pay off personal debts, make unrelated personal investments, pay debts and expenses at a myriad of other projects under enterprise control, and to take out millions of dollars in loans against the property, effectively stripping all value from the project, and intentionally and

willfully stealing the investor's funds.

62.    Johnny Lu, directly and indirectly through ALFA IDG LLC, and Larry Liu, directly and indirectly through Thriving Future LLC, control TA Fund II and TA Fund III, and used the cash flow through the Derian and Playa Projects (as hereinafter defined) to perpetuate the unlawful purposes of the TA Partners/Giant Tiger Enterprise. Recognition of the unlawful nature and proof of the TA Partners/Giant Tiger Enterprise's criminal intent is illustrated by the lengths the participants went to launder and conceal the stolen funds, such as evidenced by Johnny Lu and Larry Liu transferring laundered funds to one of its affiliated entities, Newopen, in the approximate amount of $2,000,000.

63.    Defendant Xin Zheng is Larry Liu's wife, and Defendant Hsing-Wen Ho is Johnny Lu's wife. In addition to various entities formed in Johnny Lu's and Larry Liu's names, each man worked with his respective wife to form a multitude of entities under the wife's name to perpetuate the TA Partners/Giant Tiger Enterprise's unlawful purposes and conceal stolen funds and diverted loan proceeds. Defendants Xin Zheng and Hsing-Wen Ho are the sole members of various companies that received fraudulently obtained and laundered funds, and knowingly and intentionally participated in the TA Partners/Giant Tiger Enterprise.

*Timeline of Relevant Events*

64.     In October of 2018, TA Fund II acquired the Property for $10.8 million dollars. The Property consists of approximately 1.1 acres of land in Los Angeles.  The sole business purpose of TA Fund II was to purchase, hold, develop, lease, operate and/or sell this Property. The Property is entitled to develop a for-rent apartment building up to 383,868 square feet of gross construction area, as more particularly described as Casa Playa Apartment Project, hereafter "Playa Project".

65.     The Manager of TA Fund II is TA Partners, and its Managing Members are Johnny Lu and Larry Liu, residents of Irvine, California. A further visual depiction of the organizational structure is below:



66.     On June 26, 2019, TA Fund II secured a first mortgage loan of $13.5 million (with approved loan amount of up to $20 million) from Partners Capital Solutions Fund LP (the "PCS loan") by claiming that the loan would be used to finance the Playa Project.  In reality, Johnny Lu and Larry Liu used the loan to pay personal debts in violation of 18 U.S.C. § 1344 (bank fraud).

67.     On January 26, 2021, TA Fund II secured a second mortgage loan of $13.55 million (via a revolving credit line) from Preferred Bank to pay off the PCS loan.  Defendants Johnny Lu and Larry Liu recorded this loan on the Property and

Defendant Richard Zhang was aware of the outstanding loan. Defendants intentionally withheld knowledge of this encumbrance on the Property to fraudulently inflate the financial projections of the investment in the Playa Project. One instance of such systemic conduct and shared knowledge of this lien instrument is when, prior to promoting the Playa Project, Johnny Lu provided Richard Zhang a personal financial statement evidencing such outstanding debt on the Property. See below for reference:

**Real Estate** 8/1/2019

| Address | Purchase Date | Title Holder | | Ownership | Purchase Price | Current Value | Current Loan | | Current Equity | Lender |
|---|---|---|---|---|---|---|---|---|---|---|
| Personal | | | | | | | | | | |
| 514 Magnolia Ave, Brea | Oct 2013 | Johnny Lu | | 100% | $482,000 | $1,500,000 | $800,000 | | $700,000 | Preferred Bank |
| 490 Cabrillo St, Costa Mesa | June 2014 | Johnny Lu | | 100% | $1,005,000 | $2,400,000 | $1,100,000 | | $1,300,000 | TIAA Bank |
| | | | | subtotal | $1,487,000 | $3,900,000 | $1,900,000 | | $2,000,000 | |

| Address | Purchase Date | Title Holder | | Ownership | Purchase Price | Current Value | Total Loan Amount | Total Equity | Current Equity | Lender |
|---|---|---|---|---|---|---|---|---|---|---|
| 1405 Keel Newport Beach | Jan 2019 | 146 18th LLC | 1 SFD | 100% | $2,995,000 | $3,500,000 | $2,000,000 | | $1,500,000 | Preferred Bank |
| Mt. Washington 18 lots, LA | Aug 2013 | Mt. Washington LLC | as of right-18 SFD dev. | 27.5% | $3,700,000 | $4,000,000 | | $4,000,000 | $1,100,000 | Pacific Premier Bank |
| 109 Onyx Newport Beach | March 2014 | 109 Onyx Newport Beach LLC | 2 SFD | 21.0% | $3,794,500 | $8,000,000 | $4,500,000 | $3,500,000 | $735,000 | Preferred Bank |
| 2507 Alta Vista Newport Beach | April 2018 | 2507 Alta Vista Newport Beach LLC | 1 SFD | 40.0% | $2,050,000 | $4,000,000 | $2,500,000 | $1,500,000 | $600,000 | Preferred Bank |
| 1331 Antiqua Newport Beach | May 2019 | 1331 Antiqua Newport Beach LLC | 1 SFD | 30.0% | $1,860,000 | $2,000,000 | $1,000,000 | $1,000,000 | $300,000 | Youngtech (Investor) |
| 6055 Center Drive | Oct 2018 | TA Partners Apartment Fund II | 375± SF office / 280 unit apt | 42.5% | $18,000,000 | $43,100,000 | $14,000,000 | $29,100,000 | $12,367,500 | PCS/Preferred Bank |
| 17422 Derian Irvine | Aug 2016 | TA Partners Apartment Fund III | as of right-371 unit apt dev. | 22.5% | $30,500,000 | $48,000,000 | $11,000,000 | $37,000,000 | $8,325,000 | Preferred Bank |
| 18831 Von Karmon | May 2017 | 18831 Von Karmon Irvine LLC | as of right-287 unit apt dev. | 25.0% | $24,800,000 | $45,000,000 | $17,500,000 | $27,500,000 | $8,275,000 | Bank of OZK |
| 16800 Aston | Apr 2017 | 16800 Aston Irvine LLC | 49± SF office | 10.0% | $13,750,000 | $19,500,000 | $12,000,000 | $7,500,000 | $750,000 | Deutsche Bank |
| 16802 Aston | June 2017 | 16802 Aston Irvine Investment | 65± SF office | 10.8% | $18,900,000 | $24,500,000 | $13,900,000 | $10,600,000 | $1,144,800 | Deutsche Bank |
| 1732 Skylark Newport Beach | July 2017 | ALFA Xiangli | 1 SFD | 25.0% | $1,650,000 | $4,300,000 | $2,200,000 | $2,100,000 | $525,000 | Preferred Bank |
| 831 E. Huntington Drive, Monrovia | July 2006 | HPC LLC | 20± SF medical office | 7.0% | $6,000,000 | $12,000,000 | $5,500,000 | $6,500,000 | $455,000 | Wells Fargo |
| 654 W. 18th Costa Mesa, CA | July 2006 | Loft 18 LLC | 6 unit apt | 30.0% | $2,500,000 | $3,500,000 | $1,800,000 | $1,700,000 | $510,000 | Chase |
| | | | | | | $202,400,000 | $78,600,000 | $123,800,000 | $36,587,300 | |

Johnny Lu    8/1/2019

68.    Despite knowing the true, precarious financial situation of the Property, Richard Zhang intentionally withheld this information from Plaintiffs.

69.    On February 20, 2021, RUC14 was formed by Richard Zhang and was promoted to 64 investors from the United States, China, and other regions worldwide, for the sole purpose of providing equity for the development of the Playa Project. A true and correct copy of the RUC14 operating agreement is attached hereto as **Exhibit A.** RUC14 was comprised of and capitalized with $12,900,000 of investor capital, of

which $3,450,000 was invested by Plaintiffs. Richard Zhang appointed himself as the sole Managing Member of RUC14 and gave himself absolute broad and sweeping authority over the entity and all decision-making power of the fund.

70.     In March of 2021, Plaintiffs were presented promotional investment materials by Richard Zhang promising an annualized return of 20% - 25% in 4.5 years. A true and correct copy of the promotional materials received by Plaintiffs (the "Promotional Materials") is attached hereto as **Exhibit B**.

71.     The Promotional Materials represented that any debt financing for the project would not begin until October of 2021. However, in reality, the Property was already encumbered by millions of dollars in loans secured by the Property.

72.     Notably, the Promotional Materials provided by Richard Zhang failed to include a critical appraisal report from CBRE which was completed in 2021 and contained major valuation discrepancies. Indeed, the land value of the Property was represented to Plaintiffs as in the approximate amount of $52 million dollars. Based on information and belief, the valuation was inflated to the extent it did not account for the reduction in value to the Property as the result of the $14 million dollar loan on the Property.

73.     Richard Zhang possessed the appraisal report and the financial records of TA Partners' managers showing the $14 million dollar loan on the Property prior

to soliciting money from the Plaintiffs. Richard Zhang fraudulently induced reliance on the Promotional Materials and inflated valuation by not disclosing the true Property information. Richard Zhang's omission of these facts material to an investor's decision to invest shows that he knew that investors may back out if the appraisal report was disclosed. Richard Zhang stood to profit from soliciting funds from investors and chose to withhold material information so that he could collect secret fees.

74.    Richard Zhang received a $516,000 capital raising fee, which was remitted from the funds injected by Plaintiffs, but willfully withheld this information from Plaintiffs until the same was discovered after investigation and a review of bank statements by Plaintiffs.

75.    Also in March 2021, RUC14's investment funds of $12,900,000 were invested into TA Fund II.[2]  RUC14's investment represented a 23.036% ownership stake in TA Fund II.  Every dollar of Plaintiff's capital, less Richard Zhang's capital raising fee and Richard Zhang's legal fee reimbursement, was placed into TA Fund II.  Pursuant to the TA Fund II operating agreement, the total capital contribution of the members was $56,000,000, of which $52,000,000 was the value of the real property.  A true and correct copy of the TA Fund II operating agreement is attached

---

[2] The Plaintiffs in this action represent only $3,450,000 of the $12,900,000 that was invested with Richard Zhang.

hereto as **Exhibit C**.  Plaintiffs also executed a subscription agreement for the investment.  A true and correct copy of the subscription agreement is attached hereto as **Exhibit D**.

76.     On March 28, 2021, in connection with RUC14's investment in TA Fund II, and to induce the same, Defendants TA Fund II, TA Partners, Johnny Lu, individually, Larry Liu, individually, ALFA IDG LLC, and Thriving Future LLC, as guarantors, entered into a guaranty agreement with RUC14, as beneficiary (the "Guaranty Agreement").  Pursuant to the Guaranty Agreement, the guarantors irrevocably, absolutely, and unconditionally promised the beneficiary, RUC14, repayment in a principal amount of $3,700,000.00.

77.     In May of 2021, $9,400,000 of RUC14's funds were withdrawn from the TA Fund II's bank account and delivered directly to Larry Liu and Johnny Lu. These funds were misappropriated to another real estate project and to line their pockets.  Although the subscription agreement for the investment noted that TA Partners was going to withdraw these funds, the operating agreement requires that the Plaintiffs' funds be used for the development of the Playa Project.  Use of such funds for a different project is a gross breach of the operating agreement. See Section § 2.2 of Exhibit C, below:

2.2    **COMPANY'S PURPOSE.** The purpose of the Company is to carry on the business of purchasing, owning, repositioning, operating, managing, improving, repairing, renting, mortgaging, refinancing, selling, conveying and otherwise dealing with the Property directly or through Affiliates and all the activities of the Project reasonably related thereto including, without limitation, making all decisions with respect to the real estate operations of the Property (the "*Company's Business*"). Except as permitted by this Section 2.2, the Company shall not engage in any other business. The Company is authorized to take any legal measures which will assist it in accomplishing its purpose or benefit the Company. The Company will be the sole owner of the Property.

78.    In July of 2021, Richard Zhang, acting as manager of RUC14, executed and approved an amendment to the TA Fund II operating agreement changing the total capital contribution of TA Fund II from $56 million dollars to $65.4 million dollars because Johnny Lu and Larry Liu took a capital distribution, and instead of recording it as such, they booked it as a receivable on the balance sheet of the company thereby fraudulently inflating their personal equity contribution. A true and correct copy of the amended and restated TA Fund II operating agreement is attached hereto as **Exhibit E.** This action of tax evasion was neither approved nor consented to by the Plaintiffs. Richard Zhang did not inform Plaintiffs of this action taken on behalf of the RUC14 investors.

79.    In October of 2021, TA Fund II refinanced their mortgage on the Property by increasing it by $5.5 million dollars, and instead of using the funds to develop the Playa Project per the operating agreement, Johnny Lu and Larry Liu misappropriated and laundered the $5.5 million dollars into unrelated personal business ventures to personally enrich themselves and other entities affiliated with

the racketeering enterprise, unlawfully converting the funds to the detriment of Plaintiffs.

80.     In December of 2021, TA Fund II again refinanced the loan on the Playa Project to $27,500,000 from Hankey Capital LLC.  Ostensibly these funds were earmarked for the development of the Project, but instead, Johnny Lu and Larry Liu again misappropriated and laundered the proceeds from the refinance by investing it into unrelated but TA Partners/Giant Tiger Enterprise-affiliated business ventures and to personally enrich themselves and other entities to the detriment of Plaintiffs.

81.     In October 2022, RUC14 investors reached 100% consensus to pull out their investment from TA Fund II. However, Richard Zhang failed to perform in favor of the interest of RUC14 and execute properly due to conflict of interest with RUC13, another fund run by Richard Zhang.

82.     In May 2023, Johnny Lu and Larry Liu obtained a loan from Defendant Varde Partners, Inc., a commercial lender and an affiliate of Defendant VP Irvine Lender LLC (together, the "Varde Parties"). VP Irvine Lender LLC is a party to that certain Junior Mezzanine Loan Pledge and Security Agreement (Playa) (the "Forged Pledge") upon which Johnny Lu and/or Larry Liu forged the signatures of several of TA Fund II's members in order to obtain the loan proceeds. A true and correct copy of the Forged Pledge is attached hereto as **Exhibit F.**

83.    In connection with the Forged Pledge and VP Irvine Lender LLC's purported loan to TA Fund II (which loan proceeds were not used for the benefit of TA Fund II, a fact known to the Varde Parties), Johnny Lu and Larry Liu also forged RUC14's signatures on that certain Joint Action By Written Consent of The Manager And Members Of TA Partners Apartment Fund II LLC (the "Forged Resolution"). A true and correct copy of the Forged Resolution is attached hereto as **Exhibit G.**

84.    VP Irvine Lender LLC is a party to that certain Junior Mezzanine Loan Pledge and Security Agreement (Playa) (the "Forged Pledge") upon which Johnny Lu and/or Larry Liu forged the signatures of several of TA Fund II's members.

85.    More than three years after the investors requested their money be pulled out, in January of 2024, one of the investors in RUC14 discovered a report that Johnny Lu and Larry Liu defaulted on a $200,000,000 construction loan. At that time, the Plaintiffs concerns were brought to the attention of Richard Zhang who acknowledged that he already knew about the misappropriation of funds and actively concealed the same.[3]

86.    Subsequently, Plaintiffs opened their own investigation into the financial dealings of the Playa Project. The investigation has revealed, among other

---

[3] Richard Zhang has subsequently filed a civil action in the California Superior Court to stop the foreclosure on the Property and hired a law firm to submit a criminal referral to the District Attorney's office in California. Plaintiffs assert that these actions are a sham and are meant to conceal Richard Zhang's own liability and participation in this elaborate racketeering enterprise.

things, multiple fraudulent tax filing documents, including contradicting K-1s falsely reporting distributions from the Playa Project to investors, that were not made.

87.    On February 13, 2024, Larry Liu admitted to the fraudulent activities in a *mea culpa* letter sent to the Plaintiffs.  A true and correct copy of the original confession letter in Chinese (the "Confession Letter") is attached hereto as **Exhibit H**, and a certified translation copy is attached hereto as **Exhibit I**.  In the Confession Letter, Larry Liu admitted to the following:

- Johnny Lu and Larry Liu obtained and did not disclose to investors in TA Fund II project loans relating to the Property.

- In June 2019, Johnny Lu and Larry Liu obtained, from Partners Capital Solutions Fund and in the name of TA Fund II, a loan in the approximate amount of $13.5 million for the development of the Playa Project.  The proceeds of which loan were instead transferred by Johnny Lu and Larry Liu to repay their own personal debts.  The loan proceeds did not fund any development activities on the Playa Project.

- In January 2021, Johnny Lu and Larry Liu refinanced the prior loan with a new loan, from Preferred Bank and in the name of TA Partners.  This loan, in the approximate amount of $13.55 million, was characterized as an operating loan to TA Partners and was collateralized by the Property owned by TA Fund II.

- In March 2021, RUC14 invested in TA Fund II, and, in order to induce such investment, Johnny Lu and Larry Liu made a material omission regarding the existence of the aforementioned loan transactions and encumbrances on the Property.

- In October 2021, Johnny Lu and Larry Liu obtained a supplemental loan from Preferred Bank in the approximate amount of $5.5 million (also secured by the Property), approximately $4 million of which amount Johnny Lu and Larry Liu used to acquire a 95% equity interest in Revo Fast LLC, an investment opportunity having nothing at all to do with TA Fund II or the Property.

- Thereafter, Johnny Lu and Larry Liu utilized funds, illicitly obtained by using the Property as collateral, for a speculative investment in an electric vehicle startup company.

- In light of these investment failures, Johnny Lu and Larry Liu yet again raised additional funds by obtaining a loan purportedly secured by the Property, this time from Hankey Capital in or about December 2021. Johnny Lu and Larry Liu defaulted on the loan from Hankey Capital.

- In or about May 2023, Johnny Lu and Larry Liu obtained yet another loan, this time from Varde Partners, Inc. and its lending subsidiary, in order to fund insurance premiums required by a separate third party with a security interest in real estate projects unrelated to the Property. In exchange for such loan, Varde Partners,

Inc. and its lending subsidiary required that Johnny Lu and Larry Liu provide as security an interest in the Property, which Johnny Lu and Larry Liu purported to grant by forging signatures on behalf of the members of TA Fund II, including that of RUC14 to make it appear that such an interest was granted.

• Johnny Lu and Larry Liu discussed these issues with Richard Zhang at the time of their occurrence.

88. Although Plaintiff's investigation is still ongoing, it appears that Defendants have misappropriated approximately $28,530,000 of investor capital and laundered approximately $22,700,000 through TA Fund II bank accounts. A true and correct depiction of the various transfers identified from Plaintiff's investigation is below:



## V. CAUSES OF ACTION AND REQUESTS FOR RELIEF

89.     Some of the causes of action and requests for relief set forth below are alleged alternatively under Fed. R. Civ. P. 8.

### Cause of Action No. 1

### Violations of 18 U.S.C. § 1962(c) (Defendants TA Partners, TA Fund II, Johnny Lu, Larry Liu, and Richard Zhang, collectively, the "Enterprise Defendants")

90.     Plaintiff incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

### *The TA Partners/Giant Tiger Enterprise*

91.      The TA Partners/Giant Tiger Enterprise is an enterprise engaged in, and whose activities affect, interstate and foreign commerce, and Defendants Johnny Lu, Larry Liu, Richard Zhang, and John Does 1 through 50 participate in and are associated with the TA Partners/Giant Tiger Enterprise to launder money, defraud Plaintiffs out of their investment funds, and defrauded banks and the government to further their racketeering activities.

92.     The TA Partners/Giant Tiger Enterprise operates its money laundering and fraudulent scheme by using sham investment agreements with legitimate individual investors and companies to unlawfully obtain their funds.  Under this scheme, participants in the enterprise raise capital from unsuspecting investors with

promises of large investment returns. Such promises are intentional lies used to steal the investors' money for furthering the purpose of the enterprise scheme. Participants in the TA Partners/Giant Tiger Enterprise send out false promotional materials across state lines via emails and other electronic communication to further the fraud.

93.     When victims question the elaborate web of companies and transactions, they are met with resistance and a failure to respond to basic books and records requests.

94.     The participants perpetuate the scheme by using email and text messaging to present fraudulent tax returns and investment materials, knowingly making false statements concerning the use of the investment funds, fees charged by the sponsors of the investment and fraudulent tax returns, and knowingly making false statements about the status of the Playa Project. The participants in the scheme used wire transactions to defraud the Plaintiffs out of their funds, and they did so with an intent to defraud. It was foreseeable that wire communications would be used, and they are, in fact, used in this case.

95.     Participants in the enterprise, upon information and belief, operate through and in conjunction with various entities established, at least in part, for carrying on the unlawful acts of the TA Partners/Giant Tiger Enterprise. As such, participants in the TA Partners/Giant Tiger Enterprise willfully and knowingly agreed

to participate in the scheme, to utilize Plaintiffs' funds for fraudulent purposes, and to take direction from Johnny Lu, Larry Liu, and Richard Zhang and other managers of the Enterprise.

96.    Upon information and belief, Larry Liu and Richard Zhang have known each other for the past ten (10) years and together, have actively pursued individual investors for the purpose of defrauding those investors.

97.    Just like the Plaintiffs in RUC14, Richard Zhang raised capital in the amount of $16,000,000 in 2020 for Johnny Lu and Larry Liu for RUC13 LLC, wherein, upon information and belief, Richard Zhang pocketed an undisclosed and exorbitant fee, and similarly, the investors' capital was improperly laundered through other projects and stolen for the sole purpose of lining the pockets of Larry Liu and Johnny Lu.

98.    The longevity of the enterprise has permitted the participants to actively pursue the TA Partners/Giant Tiger Enterprise's purpose.

99.    In addition, there is a substantial threat that the TA Partners/Giant Tiger Enterprise will continue to pursue its purpose and victimize other individual investors and entities.

### *Predicate Racketeering Acts*

100.    Pursuant to, and in furtherance of, their fraudulent scheme, the

Enterprise Defendants, their related entities, and other participants, committed multiple related acts of racketeering in violation of state and federal law, including 18 U.S.C. § 1961 *et seq*.  These acts include:

- wire fraud in violation of 18 U.S.C. § 1343;

- financial institution fraud in violation of 18 U.S.C. § 1344

- mail fraud in violation of 18 U.S.C. § 1341

- fraud in the sale of securities in violation of 18 U.S.C. § 78(r);

- fraud in the filing of information returns to the Internal Revenue Service in violation of 26 U.S.C. §7434;

- laundering of monetary instruments in violation of 18 U.S.C. § 1956; and

- aiding and abetting in the perpetration of the Enterprise's unlawful acts, and authorizing and acquiescing in racketeering.

101.    **Wire Fraud in violation of 18 U.S.C. § 1343**. The Enterprise Defendants, their co-conspirators, and others participating in the TA Partners/Giant Tiger Enterprise knowingly and willfully participated in the Enterprise's scheme with specific intent to defraud the Plaintiffs and the other victims.  In furtherance of the scheme, the Enterprise Defendants and others in the TA Partners/Giant Tiger Enterprise repeatedly used and knowingly caused to be used interstate wire

communications (including wire transfers of money, email communications, text messaging, and telephone communications) to effectuate the TA Partners/Giant Tiger Enterprise's purpose of defrauding Plaintiffs and others.

102.    The Enterprise Defendants used, and caused to be used, interstate wire communications from Georgia to California and China, to obtain possession of the Plaintiff's investment funds and Richard Zhang's concealed fee, to transmit the investment funds and Richard Zhang's concealed fee to other participants in the TA Partners/Giant Tiger Enterprise, to launder the Plaintiff's money into other projects, and to perpetuate the unlawful conduct of the TA Partners/Giant Tiger Enterprise by communicating with Plaintiffs and other participants in the TA Partners/Giant Tiger Enterprise through email, text messaging, and telephone calls.

103.    The Enterprise Defendants sent fraudulent financial and security instruments to Varde Defendants, fraudulent tax returns to the Plaintiffs, and false representations concerning the validity of the Playa Project as contained in the marketing materials promoted by Richard Zhang, and made fraudulent misrepresentations to Plaintiffs about the status of the Playa Project and the actions being taken to complete the Playa Project.

104.    Defendants Johnny Lu, Larry Liu, and Richard Zhang and other participants in the TA Partners/Giant Tiger Enterprise used and caused to be used

interstate wire communications in the same manner to perpetrate the Enterprise's unlawful scheme on Plaintiffs, and, upon information and belief, others which will likely be identified in discovery.

105.    **Fraud in the Sale of Securities in Violation of 18 U.S.C. § 78(r)**. The TA Partners/Giant Tiger Enterprise's scheme included intentionally providing false and misleading statements to Plaintiffs when the Enterprise Defendants promoted the investment into the Playa Project.

106.    The promotional materials provided by Richard Zhang excluded a $516,000 fee that he took for raising capital from the Plaintiffs and other victims, and an additional $10,000 fee paid directly to Richard Zhang by TA Fund II for legal services. Any fees associated with Plaintiffs' investments are material facts that Richard Zhang was obligated to disclose.  Plaintiffs relied on Richard Zhang's information to believe 100% of all monies invested in RUC14 would be invested in the underlying Playa Project and, instead, this information was concealed.

107.    The promotional materials provided by Richard Zhang failed to disclose that the Playa Project was already encumbered by debt, a fact which Richard Zhang personally knew prior to providing the promotional materials to the Plaintiffs.

108.    The promotional materials provided by Richard Zhang failed to disclose the CBRE appraisal provided to Richard Zhang which included critical

information material to Plaintiffs' investment decisions.

109.    By providing false and misleading promotional materials to the Plaintiffs, Richard Zhang, Larry Liu, and Johnny Lu sold the specific security at a price which was affected by such misleading statements. The valuations disclosed to Plaintiffs were made in bad faith and based on information known to be false.

110.    **Fraud in the Filing of Information Tax Returns to the Internal Revenue Service in Violation of 26 U.S.C. §7434.** The TA Partners/Giant Tiger Enterprise scheme of defrauding investors, included providing fraudulent tax returns to the Plaintiffs.

111.    Upon investigation, the Plaintiffs discovered that the Schedule K-1s submitted to the Internal Revenue Service on behalf of the Plaintiffs showed that the Plaintiffs received distributions from the Playa Project investment, when in fact, no distributions have been received.

112.    Because of these fraudulent tax returns, Plaintiffs were assessed taxes on income they never received in violation of federal law.

113.    **Laundering of Monetary Instruments (18 U.S.C. § 1956).** Upon information and belief, the TA Partners/Giant Tiger Enterprise violated 18 U.S.C. § 1956 by wiring funds unlawfully obtained from victims of the TA Partners/Giant Tiger Enterprise's scheme to others, including to Larry Liu and Johnny Lu

themselves, and other unrelated projects to the detriment of Plaintiffs.

114.    Johnny Lu, Larry Liu and Richard Zhang, and the other participants in the TA Partners/Giant Tiger Enterprise, upon information and belief, (i) knew at the time of wiring the funds to others that the funds involved represented proceeds from unlawful activity, (ii) knew that the wire transfers were designed in whole or in part to conceal or disguise the nature, source, location, ownership, or control of those proceeds, and (iii) either intended or knew the wiring of funds would promote underlying unlawful activity.

115.    **Aiding, Abetting, Authorizing, and Acquiescing**. The Enterprise Defendants have managed, operated, participated in, and aided and abetted the unlawful activities of the TA Partners/Giant Tiger Enterprise.

116.    The Enterprise Defendants were respectively aware of their roles in the TA Partners/Giant Tiger Enterprise at the time they committed the unlawful acts described in this Complaint, and they knowingly and substantially assisted in perpetuating the TA Partners/Giant Tiger Enterprise's purpose and in the commission of the unlawful acts.

117.    Moreover, in addition to knowingly participating in, aiding and abetting, and perpetuating the TA Partners/Giant Tiger Enterprise's racketeering activity, Richard Zhang knowingly authorized and acquiesced in Larry Liu and

Johnny Lu's racketeering activity, including but not limited to the following:

(a)    Richard Zhang approved Larry Liu and Johnny Lu's tax fraud by recording a $9,400,000 disbursement to Johnny Lu and Larry Liu personally from Plaintiffs' funds as a receivable on the books of TA Fund II (which is pure money laundering),

(b)    Richard had use and control of Plaintiff's funds as he is identified as someone with authority to control the bank account(s) pursuant to the Subscription Agreement,

(c)    Richard Zhang's concealment of the encumbrance on the Property benefited him personally as he received a substantial fee and failing to disclose the encumbrance induced the investors to make the investment,

(d)    Richard Zhang concealed the true appraisal which benefited him personally and benefited Johnny Lu and Larry Liu as the Plaintiffs invested their money based on false information.

118.    The above actions were completed to perpetuate the unlawful racketeering activity in which Johnny Lu, Larry Liu, and Richard Zhang participated. Richard Zhang's conduct furthered the TA Partners/Giant Tiger Enterprise, and as such, Richard Zhang derived benefits from Johnny Lu and Larry Liu's racketeering activity.

### *Pattern of Racketeering*

119.    The racketeering acts described above constitute a pattern of racketeering activity under 18 U.S.C. § 1961(5). Enterprise Defendants agreed to, directly and indirectly conducted, and participated in the conduct of the TA Partners/Giant Tiger Enterprise's affairs through the pattern of racketeering activity described in this Complaint and for the unlawful purpose of intentionally defrauding Plaintiffs and others in violation of 18 U.S.C. § 1962(c).

120.    Defendants were associated with or employed by the Enterprise and engaged in the pattern of racketeering activities by committing more than two predicate acts.

121.    These racketeering acts are related to, and amount to, or pose a threat of continued criminal activity.

### *Injury Proximately Caused by Racketeering*

122.     As a direct and proximate result of the Enterprise Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property, including, but not limited to, a total loss of their investment in the amount of $3,450,000, lost business opportunities, impairment of Plaintiffs' interests in executed contracts, damaged business relationships, damaged reputation and goodwill, expenses of litigation (including attorneys' fees), and other

amounts to be proven at trial.

123.    In addition, Plaintiffs are entitled to recover treble damages plus costs and attorneys' fees under 18 U.S.C. § 1964(c).

## Cause of Action No. 2

### Violation of 18 U.S.C. § 1962(d) (All Enterprise Defendants)

124.    Plaintiffs incorporate by reference the previous allegations of the Complaint as though fully set forth herein.

125.    Enterprise Defendants agreed and conspired to defraud the Plaintiffs in violation of 18 U.S.C. § 1962(c). Enterprise Defendants respectively agreed to facilitate the operation of the TA Partners/Giant Tiger Enterprise through a pattern of racketeering activity, and knowingly agreed to facilitate the TA Partners/Giant Tiger Enterprise's scheme by committing racketeering acts themselves, facilitating the commission of racketeering acts of other participants in the TA Partners/Giant Tiger Enterprise, and ratifying the commission of such racketeering acts by other participants.

126.    Enterprise Defendants intentionally conspired to defraud investors and agreed to conduct and participate in the Enterprise's scheme to systematically defraud investors through a pattern of racketeering activity. Enterprise Defendants knew their racketeering acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the TA Partners/Giant Tiger Enterprise's scheme.

Such conduct constitutes a conspiracy to violate 18 U.S.C.A. § 1962(c) and, in turn, constitutes a violation of 18 U.S.C. § 1962(d).

127.    As a direct and proximate result of Enterprise Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and the violations of 18 U.S.C. § 1962(d), Plaintiffs have been injured in their business and property.  Injuries and damages include but are not limited to, a total loss of their investment in the amount of $3,450,000, lost business opportunities, the impairment of Plaintiffs' interests in executed contracts, damaged business relationships, damaged reputation and goodwill, expenses of litigation (including attorneys' fees), and other amounts to be proven at trial.

128.    In addition, Plaintiffs are entitled to recover treble damages plus costs and attorneys' fees under 18 U.S.C. § 1964(c).

## Cause of Action No. 3

**Fraud/Negligent Misrepresentation**
**(Richard Zhang, Larry Liu, Johnny Lu)**

129.    Plaintiffs incorporate by reference the previous allegations of the Complaint as though fully set forth herein.

130.    Richard Zhang falsely represented that all of the funds invested by Plaintiffs would be used for the sole purpose of developing the Playa Project.

131.    At the time Richard Zhang made this representation, he knew that he

was pocketing a fee of approximately $500,000 but intentionally withheld this material information.

132.    Richard Zhang intended to induce Plaintiffs into executing the RUC14 operating agreement and investing their funds and knew that if he disclosed his fee, some investors may back out, question his motives, or disapprove his fee.

133.    The Plaintiffs relied on this representation when deciding to invest their personal funds into RUC14, an entity controlled by Richard Zhang.

134.    Plaintiffs have been damaged by Richard Zhang's false representations.

135.    Even after Plaintiff's funds were misappropriated, in January of 2024, Richard Zhang falsely represented to the Plaintiffs that the Playa Project was still a viable project and that Richard, Larry Liu and Johnny Lu were just waiting for the market to correct before they can stabilize the Playa Project.  In fact, Richard Zhang knew this information to be untrue, but continued to conceal the truth to protect his Enterprise co-conspirators, and to delay detection and allay suspicion of their fraudulent scheme.

136.    Plaintiffs relied on this representation when deciding how to handle the delays in the development of the Property.

137.    Plaintiffs have been damaged by Richard Zhang's false representations.

138.    Additionally, prior to soliciting Plaintiffs' money, Richard Zhang knew

that the Property was encumbered by debt, a material fact that would have impacted Plaintiffs' investment decision.

139.     Richard Zhang purposely withheld this information for the purpose of inducing Plaintiffs into investing in the Playa Project.

140.     Plaintiffs justifiably relied on the information presented to them and that the Property was unencumbered because Richard Zhang held himself out as an expert in the field.

141.     Larry Liu and Johnny Lu were co-conspirators in the perpetration of fraud against Plaintiffs. Specifically, Johnny Lu and Larry Liu, upon information and belief, are two of the architects and managers of the scheme designed to defraud Plaintiffs. Larry Liu and Johnny Lu conspired to withhold material information from Plaintiffs regarding the status of the Playa Project and the Plaintiffs' funds.

142.     Additionally, as described in this Complaint, Larry Liu and Johnny Lu misappropriated millions of dollars from Plaintiffs and laundered it through different projects, as described in the Confession Letter. In that same Confession Letter, Larry Liu acknowledged his consultation with Richard Zhang about the fraudulent practices, as described therein.

143.     Plaintiffs justifiably relied on Larry Liu and Johnny Lu's representation in the TA Fund II Operating Agreement that any funds invested would be used to

achieve a successful outcome and provide investors returns on the investment as stated in the company's purpose, and as represented to the Plaintiffs.

144.    Plaintiffs have been damaged by Larry Liu and Johnny Lu's false representations.

145.    Defendants' fraudulent conduct caused Plaintiffs monetary damages, which include, but are not limited to, the amount of their initial investment of $3,450,000, plus additional lost interest on their initial capital contribution, the lost business opportunities, the impairment of Plaintiff's interests in executed contracts, damaged business relationships, damaged reputation and goodwill, the expenses of litigation (including attorneys' fees), and other amounts to be proven at trial.

146.    Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense during the entire course of events described in this Complaint.  Accordingly, Defendants are liable for Plaintiff's expenses of litigation, including attorneys' fees, under O.C.G.A. § 13-6-11.

147.    While engaging in the fraudulent conduct, Defendants exhibited willful and wanton misconduct, malice, fraud, oppression, and such an entire want of care to raise the presumption that Defendants possessed a conscious indifference to the consequences of their conduct.  In addition, Defendants' actions establish that they acted with specific intent to harm Plaintiffs.  Accordingly, Defendants are liable to

Plaintiffs for punitive damages under O.C.G.A. § 51-12-5.1, the amount of which should be decided by a jury.

**Cause of Action No. 4**
**<u>Breach of Contract (TA Fund II Operating Agreement)</u>**

**(TA Partners, Johnny Lu, Larry Liu, ALFA IDG LLC,**
**and Thriving Future LLC)**

148.    Plaintiffs incorporate by reference the previous allegations of the Complaint as though fully set forth herein.

149.    The TA Fund II Operating Agreement is a valid contract to which Plaintiffs, as members through RUC14[4] and TA Partners mutually assented. Pursuant to the TA Fund II Operating Agreement, Johnny Lu and Larry Liu were contractually obligated to act in the best interest of the Company.

150.    Johnny Lu and Larry Liu were also contractually obligated not to employ or permit another to employ the company's assets in a manner except for the exclusive benefit of the Company.

151.    Pursuant to the TA Fund II Operating Agreement, Johnny Lu and Larry Liu were entitled to receive a fixed management fee of 3.1% of the total projected Playa Project cost, in compensation, payable only *after* completion of the Playa Project.

---

[4] The Court should disregard any corporate form in this matter as it is clear the Enterprise Defendants routinely disregarded their corporate formalities, commingled funds, and acted in contravention to their operating documents.

152.    Johnny Lu and Larry Liu breached the TA Operating Agreement by failing to comply with the terms therein and by:

(a)  Pledging the Property and Plaintiffs' membership interest in TA Fund II as collateral to secure loans from Hankey Capital and Varde Partners for personal use;

(b)  Failing to provide access to the books and records as requested by Plaintiffs;

(c)  Failing to provide any financial statements to Plaintiffs pursuant to the operating agreement;

(d)  Falsifying tax returns; and,

(e)  Misappropriating funds and diverting the same for use other than the Playa Project.

153.    Plaintiffs have suffered damages in the amount to be proven at trial as a result of Johnny Lu and Larry Liu's breach of the TA Operating Agreement. Plaintiffs are, therefore, entitled to a judgment against Defendants in an amount to be proven at trial.

154.    In addition, Plaintiffs are entitled to an award of their expenses of litigation, including attorneys' fees under the Purchase Agreement.

155.    Upon information and belief, TA Partners, ALFA IDG LLC, Johnny

Lu, and Thriving Future LLC, and/or Larry Liu are alter egos of one another and/or have commingled their affairs to such a manner that they can and should be held jointly liable for any breach of contract by TA Partners.

156.    Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense during the entire course of events described in this Complaint. Accordingly, Defendants are liable for Plaintiffs' expenses of litigation, including attorneys' fees under O.C.G.A. § 13-6-11.

### Cause of Action No. 5

### Breach of Contract (RUC14 Operating Agreement)
### (Richard Zhang)

157.    Plaintiffs incorporate by reference the previous allegations of the Complaint as though fully set forth herein.

158.    The RUC14 Operating Agreement is a valid contract to which Plaintiffs, and Richard Zhang mutually assented. Pursuant to the RUC14 Operating Agreement, Richard was contractually obligated to promote the best interest of the Company.

159.    Richard Zhang was required to employ the company's assets for the exclusive benefit of the Company.

160.    Pursuant to the RUC14 Operating Agreement, Richard Zhang was not entitled to take any capital raising fees or compensation from the Plaintiffs.

161.    Richard Zhang breached the RUC14 Operating Agreement by failing to comply with the terms therein, including but not limited to, by:

(a)   Paying himself a capital raising fee in contravention to the RUC14 Operating Agreement;

(b)   Failing to provide the CBRE appraisal report to Plaintiffs for review;

(c)   Failing to disclose knowledge of the financial fraud and insolvency of the company and mismanagement of the Plaintiffs' funds; and

(d)   Participating in the mismanagement of Plaintiff's fund and conspiracy to defraud Plaintiffs.

162.    Consequently, Plaintiffs have suffered damages in an amount to be proven at trial as a result of Richard Zhang's breach of the RUC14 Operating Agreement. Plaintiffs are, therefore, entitled to a judgment against Defendants in an amount to be proven at trial.

163.    In addition, Plaintiffs are entitled to an award of their expenses of litigation, including attorneys' fees under the Purchase Agreement and O.C.G.A. § 13-6-11.

164.    Upon information and belief, Giant Tiger LLC and Richard Zhang are alter egos of one another and/or have commingled their affairs to such a manner that they can and should be held jointly liable for any breach of contract by Richard Zhang.

#200576v1

165.     Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense during the entire course of events described in this Complaint.  Accordingly, Defendants are liable for Plaintiffs' expenses of litigation, including attorneys' fees under O.C.G.A. § 13-6-11.

### Cause of Action No. 6

**Breach of Fiduciary Duty**
**(Richard Zhang)**

166.     Plaintiff incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

167.     Richard Zhang, as RUC14's manager, had a fiduciary obligation to act in the best interests of Plaintiffs.

168.     Richard Zhang breached his fiduciary duty to Plaintiffs by: (i) withholding critical information from Plaintiffs regarding the encumbrance of the Property before Plaintiffs invested their funds; (ii) failing to disclose the $516,000 fee he obtained from Plaintiffs' funds and the $10,000 legal fee he obtained from TA Fund II; (iii) lying to Plaintiffs about the status of the Playa Project when he knew Johnny Lu and Larry Liu were in financial trouble; (iv) withholding the CBRE appraisal from Plaintiffs; and (v) failing to take all reasonable steps in a good faith attempt to promote the best interests of RUC14.

169.     Richard Zhang's breaches of fiduciary duty caused Plaintiffs monetary

damages, including, but not limited to, a total loss of their investment in the amount of $3,450,000, lost business opportunities, the impairment of Plaintiffs' interests in executed contracts, damaged business relationships, damaged reputation and goodwill, expenses of litigation (including attorneys' fees), and other amounts to be proven at trial.

170.    Richard Zhang has acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense during the entire course of events described in this Complaint.  Accordingly, Richard Zhang is liable for Plaintiffs' expenses of litigation, including attorneys' fees, under O.C.G.A. § 13-6-11.

171.    While breaching his fiduciary duty to Plaintiffs, Richard Zhang exhibited willful misconduct, malice, fraud, wantonness, oppression, and such an entire want of care to raise the presumption that Richard Zhang possessed a conscious indifference to the consequences of his conduct.  In addition, Richard Zhang's actions establish that he acted with specific intent to harm Plaintiffs.  Accordingly, Richard Zhang is liable to Plaintiff for punitive damages under O.C.G.A. § 51-12-5.1, the amount of which is for the jury to decide.

### Cause of Action No. 7

### Judicial Order Expelling the Manager of RUC14
### (Richard Zhang)

172.    Plaintiff incorporates by reference the previous allegations of the

Complaint as though fully set forth herein.

173.    Pursuant to the RUC14 operating agreement, the Plaintiffs have no mechanism to remove Richard Zhang as the manager.

174.    Given the claims herein and the detrimental actions of Richard Zhang thus far, the Plaintiffs are at risk of further harm by Richard Zhang's mismanagement of the company.

175.    Accordingly, because there is no way to protect the Plaintiffs from Richard Zhang's mismanagement, the court should issue an order judicially expelling Richard Zhang as the manager of RUC14.

176.    Richard Zhang has acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense during the entire course of events described in this Complaint.  Accordingly, Richard Zhang is liable for Plaintiff's expenses of litigation, including attorneys' fees, under O.C.G.A. § 13-6- 11.

## Cause of Action No. 8

### Declaratory Judgment
### (Varde Partners Inc. and VP Irvine Lender LLC)

177.    Plaintiff incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

178.    The Forged Resolution and the Forged Pledge bear signatures forged by Larry Liu and Johnny Lu with respect to RUC14.

179.    The purported grant of a security interest in the membership interest of RUC14 (on behalf of Plaintiffs) in TA Fund II will cause serious injury to Plaintiff if left outstanding.

180.    As set forth above, Larry Liu has admitted that he forged the signature of RUC14 in the Forged Resolution and Forged Pledge and that the same are illegitimate.

181.    Accordingly, Plaintiffs are entitled to a declaration that the Forged Resolution and Forged Pledge are void.

### Cause of Action No. 9

### Breach of Guaranty Agreement
**(Defendants TA Fund II, TA Partners, Johnny Lu, Larry Liu, ALFA IDG LLC, and Thriving Future LLC, the "Guarantor Defendants")**

182.    Plaintiffs incorporate by reference the previous allegations of the Complaint as though fully set forth herein.

183.    The Guarantor Defendants executed a guaranty agreement irrevocably, absolutely, and unconditionally promising to the Plaintiffs the repayment of $3,700,000.[5]  A true and correct copy of the Guaranty Agreement is attached hereto as **Exhibit J.**

184.    The Guaranty Defendants have breached the Guaranty Agreement by

---

[5] The Guaranty Agreement makes a distinction between "B Equity" and "A Equity."  B Equity was guaranteed by the Guaranty Defendants in the amount of $3,700,000, while the A Equity was not.

failing to pay the Plaintiffs $3,700,000 pursuant to the Guaranty Agreement.

185.    Plaintiffs have been damaged by the Guaranty Defendants breach of the Guaranty Agreement in the amount of $3,700,000, including attorneys' fees, costs, and expenses of litigation.

### Cause of Action No. 10

### Fraudulent Transfers
### (All Defendants and Does Defendants 1 through 50)

186.    Plaintiff incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

187.    Defendants have engaged in a series of acts of fraud, forgery, illicit fraudulent transfers, commingling and misuse of funds, and conversion of Plaintiff's funds for Defendants own personal use.  All such acts were to enrich themselves and other entities to the detriment of Plaintiffs.

188.    Defendants utilized a web of legal entities, all of which are not yet known to Plaintiffs, as alter ego.  As such, the web operated as a single unified fraudulent enterprise without proper observation to corporate form.

189.    Upon learning of all of the additional entities that received fraudulent funds or were otherwise engaged in this enterprise that are not yet known to Plaintiffs, Plaintiffs will seek leave from the Court to amend and add such entities.

190.    Once confirmed the recipient of all of related entities that received the

fraudulent transfers, Plaintiffs demand that the Court unwind all fraudulent transfers, to the extent judicially permitted and as equity requires.

## Cause of Action No. 11

### Violations of Georgia's Racketeering Influenced and Corrupt Organizations Act – O.C.G.A. § 16-14-1, *et. seq.* (All TA/Giant Tiger Defendants)

191.    Plaintiff incorporates by reference the previous allegations of the Complaint as though fully set forth herein.

192.    Plaintiffs are persons within the meaning of O.C.G.A. § 16-14-6(c).

193.    All Defendants are persons who through a pattern of racketeering activity acquired control of an enterprise or personal property in the form if Plaintiff's funds.

194.    All Defendants are either employed by or associated with an enterprise, which conducted and participated in said enterprise through a pattern of racketeering activity as detailed throughout this Complaint.

195.    All Defendants conspired or endeavored to violate O.C.G.A. §§16-14-4(a) and (b), by conspiring to commit an overt act in furtherance of conspiracy and to effect the object of the endeavor.

196.    All Defendants are either alter-ego of one another or officers who knowingly and willfully participated in the conspiracy as outlined throughout this

Complaint.  Collectively, these associates form an enterprise as defined in O.C.G.A. § 16-14-3.

197.    All Defendants have participated in a pattern of behavior that ultimately resulted in Defendants laundering Plaintiff's money for their own personal gain in violation of O.C.G.A. § 16-14-4.

198.    The conspiracy and racketeering activity included fraudulently inducing the Plaintiff to invest in the Property, laundering the funds for Defendants' personal gain, absconding with Plaintiff funds and using their money for other projects not provided for in the offering documents, lying about financing fees associated with the transactions, and failing to include material information in the offering documents.

199.    All Defendants conspired in this racketeering activity.

200.    The predict acts by Defendants include but are not limited to:

(a)  Multiple acts of theft in violation of O.C.G.A. §§ 16-8-2, 16-8-3, 16-8-4 and 16-8-7;

(b)  Multiple acts of securities fraud in violation of the Georgia Uniform Securities Act of 2008, O.C.G.A. § 10-5-50; and

(c)  Multiple acts of wire fraud and mail fraud in violation of 18 U.S.C. §§ 1341, 1343 and O.C.G.A. § 16-14-3(5)(C).

201.    Defendants commission of the predicate acts directly and proximately caused harm to Plaintiffs.

202.    The predicate acts are attributable to Defendants because they were known to the owners, managers, directors, officers, agent, and/or members of RUC14 who, while acting in the scope of their relative employment, committed or authorized such misconduct and attempted to conceal such misconduct from Plaintiffs.

## VI.    <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by a jury of twelve as to all issues in this Complaint so triable.

## VII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment against Defendants, and, specifically, that this Court:

A. Empanel a jury to hear all triable issues of fact in this matter;

B. Enter judgment against Defendants TA Fund II, TA Partners, Johnny Lu, Larry Liu, and Richard Zhang on Cause of Action No. 1 including actual damages, treble damages, and attorneys' fees;

C. Enter judgment against Defendants TA Fund II, TA Partners, Johnny Lu, Larry Liu, and Richard on Cause of Action No. 2 including actual damages, treble damages, and attorneys' fees;

#200576v1

D. Enter judgment on Cause of Action No. 3 in favor of Plaintiff and against Defendants TA Fund II, TA Partners, Johnny Lu, Larry Liu, and Richard including actual damages and attorney's fees;

E. Enter judgment on Cause of Action No. 4 in favor of Plaintiff and against Defendants TA Partners, Johnny Lu, Larry Liu, ALFA IDG LLC, and Thriving Future LLC and award damages;

F. Enter judgment on Cause of Action No. 5 awarding damages (including punitive damages, interest, penalties, costs, expenses, and attorneys' fees) to Plaintiffs and against Defendant Richard Zhang in an amount to be proven at trial for Richard Zhang's breach of the RUC14 Operating Agreement;

G. Enter judgment on Cause of Action No. 6 against Richard Zhang for breaching his fiduciary duties to Plaintiffs and awarding Plaintiffs actual damages, attorneys' fees and punitive damages;

H. Enter judgment on Cause of Action No. 7 declaring that Richard Zhang shall be expelled as the manager of RUC14 and all associated costs and expenses related thereto;

I. Enter judgment on Cause of Action No. 8 against Varde Partners Inc. and VP Irvine Lender LLC declaring that the Forged Resolution and Forged Pledge are void as a matter of law since that the Plaintiff's membership interests are

not encumbered;

J.  Enter judgment on Cause of Action No. 9 against Defendants TA Fund II, TA Partners, Johnny Lu, Larry Liu, ALFA IDG LLC, and Thriving Future LLC and award damages (plus interest, penalties, costs, expenses, and attorneys' fees) to Plaintiff for Defendants breach of the Guaranty Agreement.

K. Enter judgment on Cause of Action No. 10 awarding damages (including punitive damages, interest, penalties, costs, expenses, and attorneys' fees) to Plaintiffs and unwinding any and all fraudulent transfers to related entities.

L. Enter judgment against Defendants TA Fund II, TA Partners, Johnny Lu, Larry Liu, and Richard on Cause of Action No. 11 including actual damages, treble damages, and attorneys' fees.

#200576v1

Respectfully submitted this 4th day of June 2024.

**ROBINSON FRANZMAN LLP**
*Counsel for Plaintiffs*

*/s/ Todd N. Robinson*

_____

Todd N. Robinson
Georgia Bar No. 434557
todd@rfllplaw.com
Stephanie Schorsch
Georgia Bar No. 708411
stephanie@rfllplaw.com
191 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30303
404.255.2503 (telephone)