IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WANG & GAO FAMILY TRUST, LINGYUN GU, JONGBO XIAO, WEIMIN REN, YUAN ZHANG, HONGSHAN CHEN, WG INVESTMENT ATL LLC, PIONEERSOFT LLC, YONG MEN, SHENXIONG ZHOU, NING ZHANG, WEIJIE DENG, QIANQIAN WANG, XUEJUN LIU, QINGYU XYE<br><br>    Plaintiffs,<br><br>v.<br><br>TA PARTNERS LLC, TA PARTNERS APARTMENT FUND II LLC, CHIENSHEN (JOHNNY) LU, YAOJUN (LARRY) LIU, RENKAI (RICHARD) ZHANG, GIANT TIGER LLC, ALFA IDG LLC, THRIVING FURTURE LLC, VARDE PARTNERS, INC., VP IRVINE LENDER LLC, RUC14 PLAYA LLC, NEWOPEN GROUP INC., XIN ZHENG, HSING-WEN HO, and DOES 1-50, inclusive<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>1:24-CV-02446-TWT |

## GRANTING PLAINTIFFS' MOTION TO SEAL

This matter is before the Court on Plaintiffs' Motion to Seal, which addresses the inadvertent inclusion of certain confidential personal banking information belonging to Defendant Renkai ("Richard") Zhang within the First

Amended Complaint and its associated exhibits. The Court, having reviewed the Motion, the relevant case filings, and the applicable rules, finds good cause to grant the requested relief.

First, the Court notes that the Federal Rules of Civil Procedure, particularly Rule 5.2, protect sensitive personal data from disclosure. Courts also recognize the importance of balancing the public's right of access to judicial records against the potential for undue harm that may arise from the open disclosure of private information. Here, Plaintiffs have shown that disclosure of Defendant Zhang's banking information could pose a risk of financial or privacy harm, and that sealing or redacting such data would not unduly limit the public's overall understanding of the lawsuit. Second, the Court concludes that Plaintiffs' request to seal is sufficiently narrow and adequately tailored to protect only the specific, sensitive portions of the Complaint. Plaintiffs do not seek to conceal the entire pleading or any other unrelated content, thereby ensuring that the public's general access to the proceedings remains largely unaffected.

In light of these findings, the Court determines that sealing the identified portions of the original Complaint is appropriate to safeguard Defendant Zhang's personal banking details. It is further appropriate to permit Plaintiffs to file a properly redacted version of the First Amended Complaint on the public docket to maintain transparency as to all other matters in this case.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows: The Clerk of Court shall place under seal the unredacted Complaint (and any associated exhibits) that contain Defendant Zhang's confidential banking information. Plaintiffs shall, within fourteen (14) days of the date of this Order, file a redacted version of the Complaint on the public docket that fully omits any sensitive financial identifiers. Nothing in this Order shall prevent any party or non-party from filing a future motion to unseal the sealed materials or to modify the scope of this Order, subject to further review by the Court.

IT IS SO ORDERED this 16th day of January, 2025.

*Thomas W. Thrash*
THOMAS W. THRASH JR.
UNITED STATES DISTRICT JUDGE